# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A16-0099

David Anthony Janssen, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed August 22, 2016**
**Reversed and remanded**
**Connolly, Judge**

Ramsey County District Court
File No. 62-CV-14-2363

Charles A. Ramsay, Daniel J. Koewler, Ramsay Law Firm, P.L.L.C., Roseville, Minnesota (for appellant)

Lori Swanson, Attorney General, Peter D. Magnuson, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Connolly, Judge; and Larkin, Judge.

## S Y L L A B U S

The issue of whether the test results used to obtain a driver's alcohol concentration were accurately evaluated is within the scope of an implied-consent hearing under Minn. Stat. § 169A.53, subd. 3(b)(10) (Supp. 2015), and Minn. Stat. § 169A.53, subd. 3(b)(8)(i) (Supp. 2015), providing that whether a driver's alcohol concentration was 0.08 or more at

the time of testing is also within the scope of an implied-consent hearing, does not preclude the district court at an implied-consideration hearing from considering the accuracy of test results over 0.08.

**O P I N I O N**

**CONNOLLY**, Judge

Appellant's driver's license was revoked for a year and his license plates were impounded because a breath test indicated that he had been driving with an alcohol concentration at least twice the legal limit of 0.08. He petitioned for judicial review of the revocation and the impoundment, waiving all issues except whether the alcohol concentration of his breath test was sufficient to show an alcohol concentration of 0.16 or more. The district court sustained the revocation and the impoundment on the grounds that (1) Minn. Stat. § 169A.53, subd. 3(b)(8)(i), restricts the scope of implied-consent hearings to whether testing revealed an alcohol concentration is 0.08 or more and (2) appellant had provided no evidence to rebut the prima facie case that his test result was accurate. Appellant challenges the revocation and the impoundment.

**FACTS**

Appellant David Janssen was arrested for driving while intoxicated (DWI). A preliminary breath test indicated an alcohol concentration of 0.196. After the implied-consent advisory was read to him, appellant agreed to take a breath test. The first sample resulted in an alcohol concentration of 0.174, the second in an alcohol concentration of 0.167. Appellant's driver's license was revoked for a year and his license plates were impounded because his alcohol concentration was "twice the legal limit [of 0.08] or more

2

as measured at the time or within two hours of the time of the offense." Minn. Stat. § 169A.54, subd. 1(3)(iii) (2014); *see also* Minn. Stat. § 169A.60, subd. 1(d)(3) (2014) (providing that driving with an alcohol concentration twice the legal limit or more is a "plate impoundment violation").[1]

Appellant petitioned for judicial review. Because having a test result of over 0.16 was dispositive of both the length of his driver's license revocation and the impoundment of his license plates, he sought to challenge the test result at his implied-consent hearing. But the district court, relying on Minn. Stat. § 169A.53, subd. 3(b)(8)(i) (providing that the issue of whether an alcohol concentration is 0.08 or more is within the scope of an implied-consent hearing) concluded that "whether the result was over or under [0].16 is not an appropriate issue for judicial review" at an implied-consent hearing and did not address the issue. The district court then stated that (1) respondent the Commissioner of Public Safety had made a prima facie case that the testing method used on appellant was valid and reliable and his test results were accurately evaluated and (2) appellant had not presented any evidence to rebut this case. However, because the district court declined to consider appellant's 0.167 test result, it is not clear whether the district court concluded that appellant was driving with an alcohol concentration of "twice the legal limit or more" and

---

[1] If appellant's alcohol concentration had been between 0.08 and 0.159, his driver's license would have been revoked for 30 days and his license plates would not have been impounded. See Minn. Stat. § 169A.54, subd. 1(1) (2014) (providing that a driver's license shall be revoked for "not less than 30 days for an offense under section 169A.20, subdivision 1 (driving while impaired crime)").

was therefore subject to revocation of his driver's license for a year and impoundment of his license plates.

## ISSUE

May the accuracy of test results indicating an alcohol concentration over 0.08 be challenged at an implied-consent hearing?

## ANALYSIS

"Statutory interpretation presents a question of law, which we review de novo." *Johnson v. Comm'r of Pub. Safety*, 756 N.W.2d 140, 143 (Minn. App. 2008), *review denied* (Minn. Dec. 16, 2008).

> The scope of the [implied consent] hearing is limited to the issues in clauses (1) to (11):
> . . . .
> (8)    If a test was taken by a person driving, operating, or in physical control of a motor vehicle, did the test results indicate at the time of testing:
>        (i)    an alcohol concentration of .08 or more . . .?
> . . . .
> (10)    Was the testing method used valid and reliable and were the test results accurately evaluated?

Minn. Stat. § 169A.53, subd. 3(b) (Supp. 2015). The district court concluded that issue (8), whether test results indicated an alcohol concentration of 0.08 or more, restricted part of issue (10), whether test results were accurately evaluated, to test results of 0.08.

But a consideration of whether test results were accurately evaluated presupposes a consideration of what the test results were, and, by the district court's interpretation, test results over 0.08 could not be considered. In effect, the district court read additional language into issue (10): "Was the testing method used valid and reliable and were the test

4

results accurately evaluated?" became "Was the testing method used valid and reliable and, *for test results of 0.08 or less*, were the test results accurately evaluated?" But a court's reading of a statute may not "supply that which the legislature purposely omits or inadvertently overlooks." *State v. Wenthe*, 865 N.W.2d 293, 304 (Minn. 2015) (quotation omitted).

Moreover, in this particular statute, Minn. Stat. § 169A.53, subd. 3(b), "the use of the word 'limited' . . . means that the issues . . . at an implied consent hearing are restricted to those that fall within the topics in clauses (1) through ([11])." *Axelberg v. Comm'r of Pub. Safety*, 848 N.W.2d 206, 208-09 (Minn. 2014) (declining to add a necessity-defense issue to the issues for an implied-consent hearing and noting that revising the statute is a task for the legislature). We conclude that *Axelberg* also prohibits adding language to the issues provided by the legislature.

Respondent cites our supreme court's decision in *Axelberg* and this court's decision in *Dornbusch v. Comm'r of Pub. Safety*, 860 N.W.2d 381 (Minn. App. 2015), *review denied* (Minn. May 27, 2015), to argue that the plain language of the implied-consent statute prohibits consideration of the issue. We disagree. In *Axelberg* and *Dornbusch*, the appellants wanted to add a necessity defense and a prescription-drug defense to the list of enumerated defenses specified in the implied-consent statute. *Axelberg*, 848 N.W.2d at 207 (necessity defense); *Dornbusch*, 860 N.W.2d at 382 (prescription-drug defense). Here, we are *not* adding anything to the statute. The statute specifically provides two defenses: (1) whether there is an alcohol concentration of 0.08 *or more* and (2) whether the testing method used was valid and reliable and the test results were accurately evaluated. Minn.

5

Stat. § 169A.53, subd. 3(b)(8)(i),(10). As previously stated, an alcohol concentration of 0.16 is 0.08 or more, and determining the reliability of such a result cannot be done without actually examining the result.

Interpreting the clause "were the tests results accurately evaluated?" to refer only to test results of 0.08 or less also violates a canon of construction: "Every law shall be construed, if possible, to give effect to all its provisions." Minn. Stat. § 645.16 (2014). The provision of Minn. Stat. § 169A.53, subd. 3(b)(10), that, at an implied-consent hearing, drivers may challenge whether the results of their tests were accurately evaluated was not given effect in appellant's case.

That interpretation also violates the principle that, when two statutes "have the same purpose, they are in pari materia and should be construed together." *Doe v. Minn. State Bd. of Med. Exam'rs*, 435 N.W.2d 45, 49 (Minn. 1989). Minn. Stat. § 169A.53, subds. 2 (2014), 3 (Supp. 2015), provides for judicial review of a driver's license revocation, and Minn. Stat. § 169A.60, subd. 10, provides for judicial review of license plate impoundment. The language of the latter mandates that it be construed with the former: *see* Minn. Stat. § 169A.60, subd. 10(b) ("[T]he judicial review and hearing [for a license plate impoundment] are governed by section 169A.53 and must take place at the same time as any judicial review of the person's license revocation under section 169A.53"); Minn. Stat. § 169A.60, subd. 10(c)(1) (if the impoundment is based on driving with an alcohol concentration of twice the legal limit, i.e., 0.16 or more, adding to the 11 issues set out in Minn. Stat. § 169A.53, subd. 3(b) "whether the peace officer had probable cause to believe the violator committed the plate impoundment violation and whether the evidence

6

demonstrates that the plate impoundment violation occurred"). Thus, under the district court's interpretation, a driver who was not allowed to challenge the 0.16 test result that caused his license to be revoked for a year at an implied-consent hearing would, at the same hearing, be allowed to challenge the 0.16 result that caused his license plates to be impounded. Construing the statutes together, as we must, demonstrates that Minn. Stat. § 169A.53, subd. 3(b)(10), does not apply only to test results of 0.08.

Finally, denying judicial review to an individual subject to driver's-license revocation and license-plate impoundment for a year because of a 0.16 alcohol concentration while granting judicial review to an individual subject to driver's license revocation for only 30 days because of an alcohol concentration between 0.08 and 0.159 is at least arguably a violation of due process. "Due process requires a prompt and meaningful postrevocation [judicial] review." *Fedziuk v. Comm'r of Pub. Safety*, 696 N.W.2d 340, 346 (Minn. 2005). Appellant's review was not "meaningful" because it did not address the issue dispositive of his penalties: whether his alcohol concentration was "twice the legal limit or more as measured at the time or within two hours of the time of the offense." Minn. Stat. § 169A.54, subd. 1(3)(iii). The failure to review the 0.16 alcohol concentration was a denial of due process.

## D E C I S I O N

Appellant was entitled to challenge the accuracy of his test result indicating a 0.16 alcohol concentration at the implied-consent hearing, and we reverse the determination that Minn. Stat. § 169A.53, subd. 3(b)(8)(i), precludes such challenges. Because we cannot determine whether the district court addressed Minn. Stat. § 169A.53, subd. 3(b)(10), or

whether the testing method was valid and reliable and the test results were accurately evaluated based on appellant's over-0.164 test result, we remand for the district court to address appellant's challenge to his test results.

**Reversed and remanded.**